# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLAS AREVALO** § | **CIVIL ACTION NO. 3:22-CV-00397** |
| § | |
| **VERSUS** § | **JUDGE** |
| § | |
| § | **MAGISTRATE** |
| **AXIOS INDUSTRIAL MAINTENANCE** § | |
| **CONTRACTORS, INC.** § | |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 et seq., Defendant Axios Industrial Maintenance Contractors, Inc. ("Axios") hereby removes the State Court Action (defined below) to the United States District Court for the Middle District of Louisiana, and as grounds for the removal state as follows:

### I.  STATEMENT OF THE CASE

On May 19, 2022, Plaintiff Nicholas Arevalo ("Plaintiff") filed his Petition for Wages Owed (the "Petition") in the 23rd Judicial District Court, Parish of Ascension, State of Louisiana, Docket No. 134,007, against Axios (the "State Court Action").

Plaintiff served Axios with process on May 27, 2022.

In the State Court Action, Plaintiff purports to assert a state law claim seeking allegedly unpaid overtime compensation in the amount of Thirty Five Thousand Seven Hundred and Thirty Dollars ($35,730.00). Plaintiff also seeks to recover judicial interest, attorneys' fees, penalties, interest and costs.

This case is removable under 28 U.S.C. § 1441(a) on the basis of the Court's original jurisdiction over claims "arising under" federal law within the meaning of 28 U.S.C. § 1331,

because Plaintiff's claims are completely preempted and governed by the Fair Labor Standards Act ("FLSA").

## II.   FEDERAL QUESTION

A defendant may generally remove a case from state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a); *see also In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014). Federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Under the well-pleaded complaint rule, a federal question must appear on the face of the complaint. *Torres v. S. Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). However, there is an exception to the well-pleaded complaint rule when a federal statute wholly displaces the state-law cause of action through complete preemption. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (*quoting Beneficial Nat'l Bank v. Anderson*, 549 U.S. 1, 8 (2003) (internal quotations omitted)). Removal of such a claim is appropriate because when the federal statute completely preempts the state law cause of action, a claim that comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. *See Davila*, 542 U.S. at 200. Even if the complaint does not refer to federal law, a federal statute that completely preempts state law "recharacterizes preempted state law claims as arising under federal law for the purposes of determining federal question jurisdiction for the purposes of making removal available to the defendant." *HMO Louisiana Inc. v. Gupta*, Civil Action No. 21-522, 2021 WL 2678933, at *2 (E.D. La. June 30, 2021)(*quoting McClelland v. Gronwaldt*, 155 F.3d 507, 516 (5th Cir. 1998) (internal quotations omitted)).

Louisiana courts have held that the FLSA overtime provisions preempt Louisiana state wage payment laws. *See, e.g., Odom v. Respiratory Care, Inc.*, 754 So. 2d 252, 256 (La. App. 1

Cir. 1999) (holding that the FLSA controls an employee's claim for overtime wages, rather than Louisiana law, and excludes recovery under Louisiana state law). Further, this district has recognized that Louisiana does not have a state statute that provides for the recovery of overtime wages absent a contract to pay overtime. *Jeffrion v. Excel Maint. Servs., Inc.*, Civil Action No. 11-528-BAJ-CN, 2011 WL 5190524, at *2 (M.D. La. Sept. 11, 2011). Absent a contract, payment of overtime wages is governed exclusively by the FLSA. *Id.*

Here, Plaintiff's Petition alleged that Axios "did not pay him…the overtime that he should have been paid during the time period from April 6, 2020 through October 15, 2020 for a total of 794 hours." However, Plaintiff's Petition does not allege a contractual basis for recovery of overtime wages. Therefore, Plaintiff's claim for overtime wages necessarily must be based on the FLSA, and removal is appropriate.

*Woods v. Berean Children's Home, Inc.* is instructive. Civil Action No. 10-27-JJB-SCR, 2010 WL 1050120 (M.D. La. Feb. 19, 2010). In *Woods*, the plaintiffs filed suit for unpaid wages. *Id.* at *1. Prior to trial, the plaintiffs inserted an alternative claim for overtime wages in the pretrial order; however, they did not allege that they had a contractual basis for recovery. *Id.* at *2. Upon receiving the pretrial order, the defendant removed the case based on subject matter jurisdiction under 28 U.S.C. § 1331, and argued that that since federal law provides the only basis for the plaintiffs to recover overtime wages, the case became removable when they included a claim for overtime wages in the pretrial order. *Id.* at *1. The magistrate judge found that the plaintiffs' overtime wages claim arose solely under the FLSA, and recommended that the Court deny plaintiffs' motion for remand.

As with *Woods*, even though Plaintiff's claim is pleaded in terms of state law, it is, in reality, based on federal law—the FLSA. Therefore, this Court has original jurisdiction over this action. For these reasons, removal is proper.

### III.     PROCEDURAL REQUIREMENTS

Removal of the State Court Action is proper under 28 U.S.C. §§ 1441 and 1446.

**A.     Venue**

The State Court Action is located within the Middle District of Louisiana. Therefore, venue for purposes of removal is proper because the United States District Court for the Middle District of Louisiana embraces the place in which the removed action was pending. 28 U.S.C. § 1441(a).

**B.     Other Procedural Requirements**

All process, pleadings, and orders received by Axios in the State Court Action are attached hereto as ***Exhibit A***, in accordance with 28 U.S.C. §§ 1446(a) and 1447(b).

Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal is being filed with the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, which is within this district. A copy is attached as ***Exhibit B***.

This Notice of Removal is signed by Axios' counsel pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

### IV.     TIMELINESS OF REMOVAL

This Notice of Removal is filed by Axios within thirty (30) days after receipt by Axios, through service of summons, of a copy of the initial pleading setting forth the claims for relief upon which this action is based. *See* 28 U.S.C. § 1446(b). Further, this Notice of Removal is filed

within one (1) year from commencement of the State Court Action and, therefore, is timely under 28 U.S.C. § 1446(b).

## V. CONCLUSION

For the reasons set forth above, this Court has jurisdiction on the basis of federal question. Therefore, Axios hereby removes this action from the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, to the United States District Court for the Middle District of Louisiana, so that this Court can assume full jurisdiction as provided by law.

Respectfully submitted,

**LOCKE LORD LLP**

*/s/ Bradley C. Knapp*
BRADLEY C. KNAPP (LA Bar No. 35867)
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130
bknapp@lockelord.com
Telephone (504) 558-5100
Facsimile (504) 681-5200

J. MICHAEL ROSE (*pro hac vice* forthcoming)
Texas State Bar No. 24041819
mrose@lockelord.com
AKILAH F. CRAIG (*pro hac vice* forthcoming)
Texas State Bar No. 24076194
akilah.craig@lockelord.com
600 Travis Street
Suite 2800
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Telecopy

*Counsel for Axios Industrial*
*Maintenance Contractors, Inc.*

127489034v.3

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2022, a copy of the foregoing Notice of Removal was served upon the Plaintiff by Email and U.S. Mail, postage prepaid and properly addressed to his respective counsel:

P. David Carollo
2228 Second Street
Slidell, LA 70458

*/s/ Bradley C. Knapp*
Bradley C. Knapp

127489034v.3