UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NICHOLAS AREVALO**                                          **CIVIL ACTION**

**VERSUS**                                                              **NO. 22-397-JWD-SDJ**

**AXIOS INDUSTRIAL MAINTENANCE
CONTRACTORS, INC.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 4, 2022.

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLAS AREVALO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-397-JWD-SDJ** |
| **AXIOS INDUSTRIAL MAINTENANCE CONTRACTORS, INC.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This case is before the Court on an Order to Show Cause (R. Doc. 17), issued on September 22, 2022. As explained below, Plaintiff failed to comply with or otherwise respond to the Court's Show Cause Order. For that reason, and because Plaintiff has failed to take any steps to prosecute this litigation, it is recommended that Plaintiff's cause of action be dismissed for failure to prosecute under to Federal Rule of Civil Procedure 41(b), and pursuant to this Court's inherent power. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

Plaintiff Nicholas Arevalo filed this action on or about May 19, 2022, in the 23rd Judicial District Court, Parish of Ascension, State of Louisiana.[1] Plaintiff seeks to recoup wages allegedly owed him by his former employer.[2] Defendant, on June 17, 2022, filed a Notice of Removal, thereby removing the action to this Court based on purported federal question jurisdiction.[3] The Court issued a Scheduling Conference Order on June 24, 2022, ordering, *inter alia*, that the Parties

---

[1] R. Doc. 1-1 at 3-4.
[2] *Id.* at 3.
[3] R. Doc. 1 at 1-2.

file a joint status report on or before September 15, 2022.[4] On September 15, 2022, Defendant filed a Motion for Leave to File Separate Status Report, in which it stated that it "attempted to contact P. David Carollo, counsel for Plaintiff, by telephone to schedule the scheduling conference" but that the calls went unreturned.[5] Defendant continued that it "drafted the Status Report and provided a copy to Mr. Carollo by email on September 8, 2022," asking that "Plaintiff include his responses and proposed revisions and provide the revised Status Report to Axios for discussion."[6] Defense counsel subsequently "contacted Mr. Carollo again via telephone and email on September 14, 2022, to confer on and finalize the Status Report" but that "Mr. Carollo did not return the undersigned counsel's call or respond to the email."[7] Defendant, therefore, sought leave of the Court to file a separate status report.[8]

On September 19, 2022 the Court converted the upcoming Scheduling Conference, set for September 22, 2022, to a Telephone Conference, with notice of same issuing to all counsel.[9] Neither Plaintiff nor Plaintiff's counsel[10] attended the Status Conference on September 22, 2022.[11] The Court, that same day, issued a Minute Entry for that Status Conference in which it, after noting Plaintiff's absence, specifically stated that it would "issue a separate order for Plaintiff to show cause why this case should not be dismissed for failure to prosecute."[12] It also issued its Show Cause Order, at issue here, in which it "**ORDERED** that Plaintiff Nicholas Arevalo shall **SHOW**

---

[4] R. Doc. 4 at 1.
[5] R. Doc. 13 at 1.
[6] *Id.*
[7] *Id.* at 2.
[8] *Id.* The Court denied Defendant's request. R. Doc. 15.
[9] R. Doc. 14.
[10] The Court notes that Plaintiff's counsel, P. David Carollo is not admitted to practice in the Middle District. Mr. Carollo was notified of this on June 21, 2022, but, to date, has taken no steps to be admitted. R. Doc. 2. No other counsel has enrolled on behalf of Plaintiff, and the Court has not even been provided with any contact information for Plaintiff.
[11] R. Doc. 16.
[12] *Id.*

**CAUSE**, in writing on or before October 7, 2022, why sanctions should not be imposed or a recommendation of dismissal be issued for his failure to both participate in a telephone status conference and file a Joint Status Report, as ordered."[13] The Court continued, clearly stating that "[f]ailure to timely respond could result in sanctions, including dismissal of this action, without further notice."[14]

"Pursuant to Federal Rules of Civil Procedure 41(b), '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.'" *Scheppf v. U.S. Attorney* General, No. 16-575, 2018 WL 3193857, at *2 (M.D. La. Jun. 13, 2018), *report and recommendation adopted*, 2018 WL 3190733 (M.D. La. Jun. 28, 2018). "This Court has the authority to dismiss an action for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*." *Id.*; *see Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion."); *Curtis v. Quarterman*, 340 F. App'x 217, 217-18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order. The court possesses the inherent authority to dismiss the action *sua sponte* in the absence of a motion by the defendant."); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order under Federal Rule of Civil Procedure 41(b)); *Williams v. Potter*, No. 03-1409, 2006 WL 1233136, at *1 (E.D. Tex. May 5, 2006) ("Rule 41(b), Federal Rules of Civil Procedure, authorizes the court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order."). "The power to invoke this sanction is necessary in order to prevent undue

---

[13] R. Doc. 17.
[14] *Id.*

delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Williams*, 2006 WL 1233136, at *1 (quoting *Link*, 370 U.S. at 629-30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997), *cert. denied*, 522 U.S. 875 (1997)).

To date, Plaintiff has made no response to this Court's Show Cause Order, and October 7, 2022, has now passed. In fact, Plaintiff has taken no action whatsoever in this matter since it was removed to this Court over four months ago. Because Plaintiff failed to comply with the Court's Scheduling Conference Order, failed to attend the Status Conference as ordered, and failed to respond to the Court's Show Cause Order, he has failed to prosecute his claim. Given this failure to comply with Court orders, the Court recommends that Plaintiff's cause of action be dismissed pursuant to Rule 41(b) and this Court's inherent power, for failure to prosecute. *See Early on behalf of E.E. v. Comm'r of Soc. Sec.*, No. 19-461, 2020 WL 13526619, at *2 (M.D. La. Sep. 23, 2020), *report and recommendation adopted*, 2020 WL 6938812 (M.D. La. Nov. 25, 2020) (dismissing case *sua sponte* for failure to prosecute based on plaintiff's failure to respond to a motion to dismiss, failure to appear for a hearing on the motion to dismiss, and because "[p]laintiff has not contacted the Court or filed anything into the record to explain her failure to participate in the case or to respond to Court orders"); *Breckles v. Field*, No. 22-19, 2022 WL 3088385, at **1-2 (N.D. Tex. Jul., 6, 2022), *report and recommendation adopted*, 2022 WL 3081824 (N.D. Tex. Aug. 3, 2022) (dismissing case *sua sponte* under Rule 41(b) for Plaintiff's failure to follow orders of the court, including an order to file an amended complaint and a resulting show cause order).

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's cause of action be **DISMISSED without prejudice** pursuant to Rule 41(b) and this Court's inherent power, for **failure to prosecute**.

Signed in Baton Rouge, Louisiana, on November 4, 2022.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**